IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | |
| Plaintiff, | * | |
| vs. | * | Criminal No. 06-20099-RHC |
| LARRY EGAN BOATWRIGHT, | * | |
| Defendant. | * | |

___

**PRELIMINARY ORDER OF FORFEITURE**
___

In Indictment Number 06-20099-RHC, the United States sought forfeiture of specific property of defendant Larry Egan Boatwright, pursuant to 21 U.S.C. §853. On October 3, 2012, Larry Egan Boatwright, was found guilty by a jury of Counts 1, 4 and 7 and the forfeiture provision of the superseding indictment.

Accordingly, it is **ORDERED:**

1. Based upon the jury's special verdict of forfeiture in superseding Indictment Number 06-20099-RHC, the United States is authorized to seize property belonging to defendant Larry Egan Boatwright, and his interest in it is hereby forfeited to the United States for disposition in accordance with the law, subject to the provisions of 21 U.S.C. §§853(n) and Rule 32.2 of the Federal Rules of Criminal Procedure. Such property includes, but is not limited to the following:

    1) Approximately Seven Thousand Dollars ($7,000.00) in United States Currency found in a lockbox at 2132 Woodside Drive, Germantown, Tennessee;

2) A sum of money equal to Twenty-Six Thousand Three Hundred Sixty-Six Dollars and Eighteen Cents ($26,366.18) in United States Currency deposited into Bank of America account no. *******3948;

3) One (1) 2004 Chrysler Jeep, VIN No. 1J4GK58K64W11225;

4) One (1) 2005 Volkswagon GLS, VIN No. 3VWCM31Y35M367418.

All pursuant to 21 U.S.C. §853.

2. The forfeited property is to be held by the United States Marshal in his secure custody, or, as may be necessary, the Attorney General may appoint a substitute custodian.

3. Pursuant to 21 U.S.C. § 853(n)(1), the government shall publish for thirty (30) consecutive days on the internet at www.forfeiture.gov, notice of this order, notice of the United States' intent to dispose of the property in such manner as the Attorney General or his delegate may direct, and notice that any person, other than the defendant, having or claiming a legal interest in any of the above-listed forfeited property must file a petition with the court within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier. This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the property, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title or interest in each of the forfeited properties and any additional facts supporting the petitioner's claim and the relief sought.

The United States may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in property that is the subject of

this Preliminary Order of Forfeiture, as a substitute for published notice as to those persons so notified.

4. Pursuant to Fed. R. Crim. P. 32.2(b)(3), this Preliminary Order of Forfeiture shall become final as to the defendant at the time of sentencing and shall be made part of the sentence and included in the judgment.

5. If no third party files a timely claim, this Order shall become the Final Order of Forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2).

6. The United States shall have clear title to the Subject Property following the Court's disposition of all third-party interests, or, if none, following the expiration of the period provided in 21 U.S.C. §853(n)(2), which is incorporated by 18 U.S.C. §982(b) and 28 U.S.C. §2461(c), for the filing of third party petitions.

7. The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

**IT IS SO ORDERED** this 14th day of February, 2013.

                                                  s/Robert H. Cleland
                                                  ROBERT H. CLELAND
                                                  United States District Judge

APPROVED:

EDWARD L. STANTON III
United States Attorney


By: /s Christopher E. Cotten
     CHRISTOPHER E. COTTEN
     Assistant United States Attorney

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | |
| Plaintiff, | * | |
| vs. | * | Criminal No. 06-20099-RHC |
| LARRY EGAN BOATWRIGHT , | * | |
| Defendant. | * | |

___

## LEGAL NOTICE
___

Take notice that on February 14, 2013, the United States District Court for the Western District of Tennessee, Western Division, entered a Preliminary Order of Forfeiture ordering that all right, title and interest of the defendant Larry Egan Boatwright in the following property be forfeited to the United States to be disposed of in accordance with law:

1) Approximately Seven Thousand Dollars ($7,000.00) in United States Currency found in a lockbox at 2132 Woodside Drive, Germantown, Tennessee;

2) A sum of money equal to Twenty-Six Thousand Three Hundred Sixty-Six Dollars and Eighteen Cents ($26,366.18) in United States Currency deposited into Bank of America account no. *******3948;

3) One (1) 2004 Chrysler Jeep, VIN No. 1J4GK58K64W11225;

4) One (1) 2005 Volkswagon GLS, VIN No. 3VWCM31Y35M367418.

4

All pursuant to 21 U.S.C. §853.

The United States intends to dispose of this property in such matter as the Attorney General or his delegate may direct. Any person, other than the defendant, having or claiming a legal interest in the above-listed forfeited property must file a petition with the Court within thirty (30) days of the final publication of this notice or of receipt of actual notice, whichever is earlier. The petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the property, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title, or interest in each of the forfeited properties and any additional facts supporting the petitioner's claim and relief sought.