## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
## WESTERN DIVISION

_____

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                                Case No. 06-20099

LARRY BOATWRIGHT,

        Defendant.
_____/

**OPINION AND ORDER DENYING DEFENDANT'S MOTION TO REDUCE SENTENCE**

Defendant Larry Boatwright was convicted of distribution of controlled substances, 21 U.S.C. § 841(a)(1). (Document 151.) His expected date of release is in June 2023. (Document 216, PageID.1503.) The Bureau of Prisons ("BOP") has released him to home confinement for the remainder of his sentence. (Document 214, PageID.1478; Document 216, PageID.1503.)

Defendant has filed a "Motion to Reduce Sentence." (Document 214.) He asks the court to reduce his sentence to time served so he can better care for his elderly parents. Defendant previously filed three *pro se* motions that requested the same relief.[1] (Documents 207, 208, 210.) The matter has been fully briefed. (Documents 16, 17.) For the reasons provided below, Defendant's motions will be denied.

A court may reduce a term of imprisonment if it determines "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A). The court must also weigh the sentencing factors provided under 18 U.S.C. § 3553(a) and

---

[1]    Defendant twice amended his most recent *pro se* motion. (Documents 211, 212.)

determine if a sentence reduction "is consistent with applicable policy statements issued by the Sentencing Commission." *Id.*

U.S. Sentencing Guidelines Manual § 1B1.13 (U.S. Sentencing Comm'n 2018) is the "applicable policy statement[]" with which courts must comply. 18 U.S.C. § 3582(c)(1)(A). Section 1B1.13 of the Sentencing Guidelines explains that a defendant must "not [be] a danger to the safety of any other person or to the community" under 18 U.S.C. § 3142(g) and must fit within at least one of four categories of "extraordinary and compelling reasons." Those categories are: "Medical Condition of the Defendant," "Age of the Defendant," "Family Circumstances," and "Other Reasons." U.S. Sentencing Guidelines Manual § 1B1.13. The category of "Other Reasons" requires a determination from the Director of the Bureau of Prisons ("BOP") that "there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons" outlined in the other three categories. *Id.* § 1B1.13 cmt. n.1(D). The BOP has released Program Statement 5050.50 to guide its determination of extraordinary and compelling circumstances.[2] Federal Bureau of Prisons, U.S. Department of Justice, *Program Statement 5050.50: Compassionate Release/Reduction in Sentence: Procedures for Implementation of 18 U.S.C. §§ 3582 and 4205(g)* (2019).

---

[2] After the passage of the First Step Act in 2018, district courts in the Sixth Circuit remain divided over whether only the BOP Director may determine if a defendant's circumstances fall within the category of "Other Reasons." *Compare United States v. Bolze*, --- F. Supp. 3d ----, 2020 WL 2521273, at *7 (E.D. Tenn. May 13, 2020) (quoting U.S. Sentencing Guidelines Manual § 1B1.13 cmt. n.1(D)) ("[O]nly the 'Director of the Bureau of Prisons' can determine that such 'other reasons' exist."), *with United States v. Young*, 458 F. Supp. 3d 838, 845 (M.D. Tenn. 2020) ("[F]ederal judges are no longer constrained by the BOP Director's determination of what constitutes extraordinary and compelling reasons for a sentence reduction.").

In all, a defendant seeking compassionate release must present "extraordinary and compelling" circumstances, must have § 3553(a)'s sentencing factors that weigh in her favor, must not be a threat to others as determined by § 3142(g), and must fit within one of the four categories in § 1B1.13 of the Sentencing Guidelines. 18 U.S.C. § 3582(c)(1)(A); U.S. Sentencing Guidelines Manual § 1B1.13; *see also United States v. Allen*, 819 F. App'x 418, 419 (6th Cir. 2020).

The government argues that Defendant has not properly exhausted administrative remedies. Under § 3582(c)(1)(A), an inmate may seek compassionate release himself only if he submits a request for compassionate release to his warden and he has "fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on [his] behalf or the lapse of 30 days from the receipt of such a request . . . whichever is earlier."

The request for relief Defendant cites for his exhaustion requirement asked his warden for "elderly release." (Document 207-1, PageID.1291.) The government argues that Defendant was subsequently released to home confinement, and he never explicitly asked for a reduction in sentence. (Document 216, PageID.1505-06.) Thus, according to the government, the relief Defendant sought was provided, and he has not exhausted administrative remedies for a sentence reduction. (*Id.*) Nonetheless, Defendant asked for "Compassionate Release," which inherently requires a reduction in sentence. (Document 207-1, PageID.1291.) Furthermore, even if the court were to consider the merits of the motion, Defendant does not qualify for a modified sentence under § 3582(c)(1)(A).

Defendant does not fall within the "Family Circumstances" category in § 1B1.13 of the Sentencing Guidelines. Defendant does not claim there is a "death or incapacitation of [a] caregiver of . . . [D]efendant's minor child." U.S. Sentencing Guidelines Manual § 1B1.13 cmt. n.1(C)(i). Nor is there an "incapacitation of . . . [D]efendant's spouse . . . when . . . [D]efendant would be the only available caregiver for the spouse." *Id.* § 1B1.13 cmt. n.1(C)(ii). Thus, the Sentencing Commission's policy statement is not satisfied. 18 U.S.C. § 3582(c)(1)(A); U.S. Sentencing Guidelines Manual § 1B1.13 cmt. n.1(A)(ii).

Defendant's circumstances are also not "extraordinary and compelling." 18 U.S.C. § 3582(c)(1)(A). "Extraordinary" is defined as "exceptional to a very marked extent." *Extraordinary*, Webster's Third International Dictionary, Unabridged (2020). "Compelling" is defined as "tending to convince or convert by or as if by forcefulness of evidence." *Compelling*, Webster's Third International Dictionary, Unabridged (2020). A court in this district has described the requirements of "extraordinary" in the context of compassionate release "as beyond what is usual, customary, regular, or common," and a "'compelling reason' as one so great that irreparable harm or injustice would result if the relief is not granted." *United States v. Sapp*, Case No. 14-20520, 2020 WL 515935, at *3 (E.D. Mich. Jan. 31, 2020) (Leitman, J.).

In favor of release, Defendant points to his good behavior since being convicted and his wish to "go into the community" to help his elderly parents if the needs arise. (Document 214, PageID.1485-87; Document 217, PageID.1522.) Defendant is serving the remainder of sentence in his parents' home where he is able to provide care and oversight. (Document 216, PageID.1504.) While Defendant's good behavior is

4

encouraging, it is by no means exceptional or unusual. Many prisoners display great personal growth while incarcerated, and, by itself, improvement does not qualify a prisoner for a reduced sentence. *See* 18 U.S.C. § 3582(c)(1)(A). In fact, statute expressly limits consideration of improved behavior when reviewing motions for compassionate release. *See United States v. Allen*, 614 F.3d 253, 256 (6th Cir. 2010) ("A district court may modify a defendant's sentence only as provided by statute."). Title 28 U.S.C. § 994(t) states that "[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason." *See also* U.S. Sentencing Guidelines Manual § 1B1.13 cmt. n.3 ("[R]ehabilitation of the defendant is not, by itself, an extraordinary and compelling reason for purposes of this policy statement."). Further, having elderly parents is not out of the ordinary, and reduced access to the community, especially when Defendant lives with his parents, is not so extreme that "irreparable harm or injustice would result if the relief is not granted." *Sapp*, 2020 WL 515935, at *3. Accordingly,

IT IS ORDERED that Defendant's "Motion to Reduce Sentence" (Document 214), "Pro Se Motion for Retroactive Application" (Document 207), "Request for Review Re: First Step Act" (Document 208), "Pro Se Motion for Release" (Document 210) are DENIED.

                                      s/Robert H. Cleland               /
                                      ROBERT H. CLELAND
                                      UNITED STATES DISTRICT JUDGE

Dated: November 23, 2020

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, November 23, 2020, by electronic and/or ordinary mail.

                                         s/Lisa Wagner                                    /
                                         Case Manager and Deputy Clerk
                                         (810) 292-6522

S:\Cleland\Cleland\JUDGE'S DESK\C2 ORDERS\06-20099.BOATWRIGHT.MotiontoReduceSentence.RMK.docx